AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### Eastern District of New York

| | |
|---|---|
| SHAQUNA PIERRE, et al., | ) |
| _Plaintiff_ | ) ) |
| v. | ) |
| THE CITY OF NEW YORK, et al. | ) ) ) |
| _Defendant_ | ) |

Civil Action No.   11 CV 3553(ARR)(VVP)

Second Amended
## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  See Attached Service List

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
JON L. NORINSBERG
225 Broadway, Suite 2700
New York, N.Y. 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.  11 CV 3553(ARR)(VVP)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

◻ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

◻ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

◻ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

◻ I returned the summons unexecuted because _____ ; or

◻ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                 _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE,
LEON PIERRE, SR., DANYELL MYERS, GRESHWIN
PIERRE, WILLIAM WARDRICK, RONALD LEWIS, and
DANYELL MYERS Mother and Natural Guardian of
IZAHNAE MYERS, an Infant Under the Age of Eighteen Years,

                                                    **SECOND**
                                                    **AMENDED**
                                                    **COMPLAINT**

                Plaintiffs,

        -against-                                   **11 CV 3553 (ARR) (VVP)**

THE CITY OF NEW YORK, P.O. FADY AZMY, Shield No.
1308, SGT. GEORGINA GONZALEZ, Shield No. 5276,
P.O. KEVIN ARGO, Shield No. 8054, P.O. QASSIM AHMED,
Shield No. 7194, P.O. BARRINGTON CLEMMINGS,
Shield No. 22501, P.O. JESSE COLON, Shield No. 5088,
P.O. VICTOR CUEVAS, Shield No. 6288, P.O. MIKE
LOPORTO, Shield No. 2104, P.O. JASON MARSMAN,
Shield No. 17882, P.O. CHRISTOPHER SANCHEZ,
Shield No. 23298, P.O. MICHAEL STUMBO, Shield
No. 16917, P.O. DAT TANG, Shield No. 7980, P.O. RI YU,
Shield No. 7379 Individually and in their Official Capacities,
and P.O.'s "JOHN and JANE DOE" #1-20, Individually and
in their Official Capacities, (the name John and Jane Doe being
fictitious, as the true names are presently unknown),

                Defendants.
--------------------------------------------------------------------------------X

        Plaintiffs, SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON PIERRE, SR.,

DANYELL MYERS, GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD LEWIS, and

DANYELL MYERS as Mother and Natural Guardian of IZAHNAE MYERS, an Infant Under the

Age of Eighteen Years, by their attorney, Jon L. Norinsberg, complaining of the defendants,

respectfully allege as follows:

## PRELIMINARY STATEMENT

1.    Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff SHAQUNA PIERRE is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Plaintiff LEON PIERRE, JR., is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8.      Plaintiff ALIA PIERRE is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

9.      Plaintiff LEON PIERRE, SR., is an African-American male, and at all relevant times a resident of the City and State of New York.

10.     Plaintiff DANYELL MYERS, is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

11.     Plaintiff GRESHWIN PIERRE is an African-American female, and at all relevant times a resident of the City and State of New York.

12.     Plaintiff WILLIAM WARDRICK is an African-American male, and at all relevant times a resident of the City and State of New York.

13.     Plaintiff RONALD LEWIS is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

14.     Plaintiff DANYELL MYERS as Mother and Natural Guardian of IZAHNAE MYERS, is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

15.     Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

16.     Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

17.     At all times hereinafter mentioned, the individually named defendants, P.O. FADY AZMY, SGT. GEORGINA GONZALEZ, P.O. KEVIN ARGO, P.O. QASSIM AHMED, P.O. BARRINGTON CLEMMINGS, P.O. JESSE COLON, P.O. VICTOR CUEVAS, P.O. MIKE LOPORTO, P.O. JASON MARSMAN, P.O. CHRISTOPHER SANCHEZ, P.O. MICHAEL STUMBO, P.O. DAT TANG, P.O. RI YU and P.O.s "JOHN and JANE DOE" #1-20, were duly

sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

18.    At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

19.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

20.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

### FACTS

21.    On May 10, 2011 at approximately 5:30 p.m., plaintiff SHAQUNA PIERRE was lawfully outside of 693 Franklin Avenue, County of Kings, in the City and State of New York.

22.    At the aforesaid time and place, plaintiff SHAQUNA PIERRE was eating a slice of pizza and after finishing the slice, she threw the remaining crust onto the street.

23.    Thereafter, members of the New York City Police Department descended upon plaintiffs SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM WARDRICK and RONALD LEWIS, and began their vicious assault, as set forth in more detail below.

### Allegations of Shaquna Pierre

24.    Defendant police officers came up to plaintiff SHAQUNA PIERRE stating, "Why did you throw the fucking bread in the street? Go pick the fucking bread up!"

24.    Plaintiff SHAQUNA PIERRE informed the defendant police officers that she threw the crust to feed the birds, after which defendant police officers demanded that plaintiff provide

identification.

25.     Plaintiff SHAQUNA PIERRE informed the defendant police officers that she didn't have any identification on her because she lived a few doors down from where she was standing.

26.     Defendant police officers then grabbed plaintiff SHAQUNA PIERRE by her wrists, after which plaintiff's brother, LEON PIERRE JR., approached the officers and asked why they were grabbing his sister.

27.     Thereafter, defendant police officers pulled plaintiff's brother away and began to manhandle plaintiff SHAQUNA PIERRE, viciously lifting her in the air while attempting to throw her on the ground, despite the fact that plaintiff was wearing a jean skirt.

28.     Defendant police officers then grabbed plaintiff SHAQUNA PIERRE by the neck, handcuffed her and threw her into a police van.

29.     Defendant police officers then took plaintiff SHAQUNA PIERRE to the 77th Precinct in the County of Kings, City and State of New York.

30.     As a result of this unlawful arrest, plaintiff SHAQUNA PIERRE spent approximately forty-two (42) hours in jail.

31.     At arraignment, plaintiff SHAQUNA PIERRE's case was adjourned in contemplation of dismissal.

32.     As a result of the foregoing, plaintiff SHAQUNA PIERRE sustained, *inter alia*, pain and suffering, severe emotional distress, mental trauma, anguish, shame, humiliation, indignity, and loss of liberty.

**Allegations of Leon Pierre, Jr.**

33.     As plaintiff SHAQUNA PIERRE was being manhandled by defendant police officers, plaintiff LEON PIERRE, JR., approached the defendants to ask why they were grabbing his sister,

to which one of the defendant police officers yelled at plaintiff, "Back the fuck up."

34.    After plaintiff LEON PIERRE, JR. attempted to ask the defendant police officers one more time, one of the defendant police officers pulled out his baton and started wildly swinging it at plaintiff.

35.    Thereafter, defendant police officer pepper-sprayed plaintiff LEON PIERRE, JR., multiple times in the eyes.

36.    Plaintiff LEON PIERRE, JR. was then grabbed by another defendant police officer from behind, placed in a headlock and thrown to the ground.

37.    Thereafter, defendant police officers viciously punched and kicked plaintiff LEON PIERRE, JR., in the face, neck and head.

38.    Defendant police officers then handcuffed and arrested plaintiff LEON PIERRE, JR., dragged him into a police van and took him to the 77th Precinct.

39.    Inside the 77th Precinct, defendant police officers threw plaintiff face-first against the wall, causing him to suffer severe pain.

40.    As a result of this unlawful arrest, plaintiff LEON PIERRE, JR., spent approximately forty-three (43) hours in jail.

41.    As a result of the foregoing, plaintiff LEON PIERRE, JR., sustained, *inter alia*, multiple bruises and contusions to his face, head, and neck, an intensely painful burning sensation in his face, as well as severe emotional distress, mental trauma, anguish, shame, humiliation, indignity, and loss of liberty.

**Allegations of Leon Pierre, Sr.**

42.    Plaintiff LEON PIERRE, SR. came home from work at approximately 5:45p.m. and sat down to have dinner.

43.    A few minutes later, plaintiff LEON PIERRE, SR. heard the doorbell ring with several people calling his name, telling him to come outside.

44.    After plaintiff LEON PIERRE, SR., came outside, he witnessed defendant police officers brutally beating his son, plaintiff LEON PIERRE, JR.

45.    Thereafter, plaintiff LEON PIERRE, SR., ran up to the defendant police officers, shouting "This is my son! What are you doing to my son?!"

46.    Immediately thereafter, defendant police officers pepper-sprayed plaintiff LEON PIERRE, SR., in the eyes causing temporary blindness.

47.    Defendant police officers then grabbed plaintiff LEON PIERRE, SR., by the hands, threw him up against a police car.

48.    Defendant police officers then handcuffed plaintiff LEON PIERRE, SR., and took him to the 77th Precinct.

49.    At the 77th precinct, defendant police officers left plaintiff LEON PIERRE, SR., handcuffed in a cell for over three (3) hours with pepper spray in his eyes, causing him extreme pain and discomfort.

50.    As a result of this unlawful arrest, plaintiff LEON PIERRE, JR., spent approximately forty-six (46) hours in jail.

51.    At arraignment, plaintiff LEON PIERRE, SR.'s case was adjourned in contemplation of dismissal.

52.    As a result of the ruthless actions of members of the New York City Police Department, plaintiff LEON PIERRE, SR., sustained, *inter alia*, an intensely painful burning sensation in his eyes, as well as severe emotional distress, mental trauma, anguish, shame, humiliation, indignity, and loss of liberty.

**Allegations of Alia Pierre**

53.     At the aforesaid time and place, plaintiff ALIA PIERRE came outside and saw her brother, plaintiff LEON PIERRE, JR., question defendant police officers about their aggressive conduct towards plaintiff SHAQUNA PIERRE.

54.     Thereafter, Plaintiff ALIA PIERRE witnessed more police officers arrive on the scene and begin to viciously attack her brother, plaintiff LEON PIERRE, JR, and pepper-spray her father, LEON PIERRE, SR.

55.     Plaintiff ALIA PIERRE saw her mother, plaintiff GERSHWIN PIERRE, running towards the scene and immediately grabbed onto her mother.

56.     Immediately thereafter, defendant police officers pepper-sprayed plaintiff ALIA PIERRE along with her mother, plaintiff GERSHWIN PIERRE.

57.     Plaintiff ALIA PIERRE heard her sister, plaintiff SHAQUNA PIERRE, yelling for help from the police van.

58.     As plaintiff ALIA PIERRE attempted to run towards her sister, one of the defendant police officers pulled out his baton and in a threatening matter, forcefully pushed plaintiff backwards.

59.     As a result of the ruthless actions of members of the New York City Police Department, plaintiff ALIA PIERRE sustained, an intensely painful burning sensation in her eyes, as well as severe emotional distress, mental trauma, anguish, shame, humiliation, indignity, and loss of liberty.

**Allegations of Gershwin Pierre**

60.     At the aforesaid time and place, plaintiff GERSHWIN PIERRE came out of her home and witnessed defendant police officers brutally attack and beat her son, LEON PIERRE, JR., by kicking and punching him in the face, while beating him with a baton.

61.    Thereafter, plaintiff GERSHWIN PIERRE ran toward the scene shouting "what are you doing?! Stop! That's my son!"

62.    As plaintiff GERSHWIN PIERRE approached the defendant police officers, plaintiff noticed a community police officer, Louis Pierre, arrive on the scene.

63.    Plaintiff GERSHWIN PIERRE asked the community officer, "Pierre, what are they doing? This is my son!"

64.    Thereafter, plaintiff GERSHWIN PIERRE ran towards her home calling for her husband, plaintiff LEON PIERRE, SR.

65.    As plaintiff LEON PIERRE, SR., ran out of the house, he was immediately pepper-sprayed by defendant police officers.

66.    Thereafter, plaintiff GERSHWIN PIERRE lost track of her husband because defendant police officers pepper-sprayed her and her daughter, ALIA PIERE, in the face.

67.    As a result of the ruthless actions of members of the New York City Police Department, plaintiff GERSHWIN PIERRE sustained, *inter alia*, an intensely painful burning sensation in her eyes, as well as severe emotional distress, mental trauma, anguish, shame, humiliation, indignity, and loss of liberty.

**Allegations of Danyell Myers**

68.    At the aforesaid time and place, plaintiff DANYELL MYERS witnessed defendant police officers brutally attack plaintiff LEON PIERRE, JR.

69.    As plaintiff DANYELL MYERS, along with other neighbors, shouted at defendant police officers to stop their brutal attack, defendant police officers pepper-sprayed her in the mouth.

70.    As a result of the ruthless actions of members of the New York City Police Department, plaintiff DANYELL MYERS sustained, *inter alia*, an intensely painful burning sensation in her eyes, as well as severe emotional distress, mental trauma, anguish, shame,

humiliation, indignity, and loss of liberty.

**Allegations of Izahnae Myers**

71.     At the aforesaid time and place, plaintiff IZAHNAE MYERS, who was only 11 years old, saw defendant police officers beat and pepper-spray the other plaintiffs outside her home.

72.     Plaintiff IZAHNAE MYERS was scared by the ruthless actions of defendant police officers.

73.     As plaintiff IZAHNAE MYERS attempted to run away from the frantic scene, she ran past the defendant police officers and one of the officers hit plaintiff in the stomach and chest with a billy-club.

74.     As a result of the ruthless actions of members of the New York City Police Department, plaintiff IZAHNAE MYERS sustained, *inter alia*, severe emotional distress, mental trauma, anguish, shame, humiliation, indignity, and loss of liberty.

**Allegations of Ronald Lewis**

75.     At the aforesaid time and place, plaintiff RONALD LEWIS, who is disabled and confined to a wheel chair, was lawfully sitting outside his home at 697 Franklin Avenue, County of Kings, in the City and State of New York.

76.     Plaintiff RONALD LEWIS was holding friends and neighbors away from the frantic scene as dozens of defendant police officers engaged in a pepper-spray melee in front of his home.

77.     As plaintiff RONALD LEWIS saw defendant police officers pepper-spray plaintiffs GERSHWIN PIERRE and ALIA PIERRE, he shouted at the officers, "No!  That's their mother!"

78.     Before plaintiff RONALD LEWIS could utter another word, one of the defendant police officers reached over a parked car and pepper-sprayed plaintiff directly in the eyes and mouth.

79.     As a result of the ruthless actions of members of the New York City Police Department, plaintiff RONALD LEWIS sustained, *inter alia*, an intensely painful burning sensation

in his eyes, shortness of breath, as well as severe emotional distress, mental trauma, anguish, shame, humiliation, indignity, and loss of liberty.

**Allegations of William Wardrick**

80.     At the aforesaid time and place, plaintiff WILLIAM WARDRICK was walking near his home when he saw defendant police officers grab plaintiff SHAQUNA PIERRE.

81.     Plaintiff WILLIAM WARDRICK told defendant police officers to stop their abusive behavior as plaintiff SHAQUNA PIERRE did nothing wrong.

82.     Thereafter, defendant police officers got in the face of plaintiff WILLIAM WARDRICK and told him to move.

83.     After plaintiff WILLIAM WARDRICK refused to move, claiming that he did nothing wrong, defendant police officers grabbed plaintiff and threw him to the floor.

84.     Thereafter, defendant police officers handcuffed plaintiff and pepper-sprayed him in the face.

85.     Defendant police officers arrested plaintiff WILLIAM WARDRICK and took him to the 77th Precinct.

86.     At the 77th precinct, defendant police officers left plaintiff WILLIAM WARDRICK handcuffed in a cell for over three (3) hours with pepper spray in his eyes, causing him extreme pain and discomfort.

87.     As a result of this unlawful arrest, plaintiff WILLIAM WARDRICK, spent approximately three (3) days in jail.

88.     As a result of the foregoing, plaintiff WILLIAM WARDRICK sustained, *inter alia*, multiple bruises and contusions to his arms, an intensely painful burning sensation in his face, as well as severe emotional distress, mental trauma, anguish, shame, humiliation, indignity, and loss of liberty.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

89.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

91.    All of the aforementioned acts deprived plaintiffs of their rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

92.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

93.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

94.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

95.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.    As a result of the aforesaid conduct by defendants, plaintiffs were  subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely

imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

97.     As a result of the foregoing, plaintiffs SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD LEWIS, and DANYELL MYERS as Mother and Natural Guardian of IZAHNAE MYERS, an Infant Under the Age of Eighteen Years, sustained, *inter alia*, bodily injuries, mental trauma, anguish, shock, fright, apprehension, as well as severe emotional distress, shame, humiliation, indignity, and loss of liberty.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

98.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of plaintiffs herein.

100.    As a result of the foregoing, plaintiffs SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD LEWIS, and DANYELL MYERS as Mother and Natural Guardian of IZAHNAE MYERS, an Infant Under the Age of Eighteen Years, sustained, *inter alia*, bodily injuries, mental trauma, anguish, shock, fright, apprehension, as well as severe emotional distress, shame, humiliation, indignity, and loss of liberty.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

101.    Plaintiffs repeat, reiterates and realleges each and every allegation contained in paragraphs "1" through "100" as if the same were more fully set forth at length herein.

102.    Defendant police officers created false evidence against plaintiffs SHAQUNA

PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON PIERRE, SR., DANYELL MYERS,

GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD LEWIS, and DANYELL MYERS

as Mother and Natural Guardian of IZAHNAE MYERS, an Infant Under the Age of Eighteen

Years.

103.    Defendant police officers forwarded false evidence and false information to

prosecutors in the Kings County District Attorney's Office.

104.    Defendant police officers misled the grand jury, the judge and prosecutors by

creating false evidence against plaintiffs SHAQUNA PIERRE, LEON PIERRE, JR., ALIA

PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM

WARDRICK, RONALD LEWIS, and DANYELL MYERS as Mother and Natural Guardian of

IZAHNAE MYERS, an Infant Under the Age of Eighteen Years, and thereafter providing false

testimony throughout the criminal proceedings.

105.    In creating false evidence against plaintiffs SHAQUNA PIERRE, LEON PIERRE,

JR., ALIA PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE,

WILLIAM WARDRICK, RONALD LEWIS, and DANYELL MYERS as Mother and Natural

Guardian of IZAHNAE MYERS, an Infant Under the Age of Eighteen Years,, in forwarding

false evidence and information to prosecutors, and in providing false and misleading testimony,

defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of

the Fifth and Fourteenth Amendments of the United States Constitution.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

106.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "105" with the same force and effect as fully set forth herein.

107.    Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

108.   The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, a) detaining individuals without reasonable suspicion, b) arresting individuals without probable cause, and c) utilizing excessive force that is not reasonable under the circumstances.

109.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

110.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

111.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

112.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were unlawfully arrested and detained, and subjected to excessive force.

113.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

114.   The acts complained of deprived plaintiffs of their rights:

      A.   Not to be deprived of liberty without due process of law;

      B.   To be free from seizure and arrest not based upon probable cause;

      C.   Not to have excessive force imposed upon them; and

     D.    To receive equal protection under the law.

## PENDANT STATE CLAIMS UNDER NEW YORK LAW

115.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as fully set forth herein.

116.    On or about July 22, 2011, and within (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

117.    Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

118.    Defendant THE CITY OF NEW YORK has demanded hearings pursuant to General Municipal Law § 50-h for plaintiffs SHAQUNA PIERRE, LEON PIERRE, JR., LEON PIERRE, SR., GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD LEWIS, DANYELL MYERS, and IZAHNAE MYERS, and these hearings were held on September 16, 2011 and on September 19, 2011.

119.    Defendant THE CITY OF NEW YORK has demanded a hearing pursuant to General Municipal Law § 50-h for plaintiff ALIA PIERRE and it is anticipated that said hearing will be held in the near future.

120.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

121.    Plaintiffs have complied with all conditions precedent to maintaining the instant action.

122.    This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF
### UNDER NEW YORK STATE LAW: ASSAULT

123.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as fully set forth herein.

124.    Defendant police officers aforementioned actions placed plaintiffs SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD LEWIS, and DANYELL MYERS as Mother and Natural Guardian of IZAHNAE MYERS, an Infant Under the Age of Eighteen Years, in apprehension of imminent harmful and offensive bodily contact.

125.    As a result of the defendant police officers' conduct, plaintiffs SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD LEWIS, and DANYELL MYERS as Mother and Natural Guardian of IZAHNAE MYERS, an Infant Under the Age of Eighteen Years, sustained, *inter alia*, bodily injuries, mental trauma, anguish, shock, fright, apprehension, as well as severe emotional distress, shame, humiliation, indignity, and loss of liberty.

## SECOND CLAIM FOR RELIEF
### UNDER NEW YORK STATE LAW: BATTERY

126.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "125" with the same force and effect as fully set forth herein.

127.    Defendant police officers touched plaintiffs SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD LEWIS, and DANYELL MYERS as Mother and

Natural Guardian of IZAHNAE MYERS, an Infant Under the Age of Eighteen Years, in a harmful and offensive manner.

128.   Defendant police officers did so without privilege or consent from plaintiffs.

129.   As a result of the defendant police officers' conduct, plaintiffs SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD LEWIS, and DANYELL MYERS as Mother and Natural Guardian of IZAHNAE MYERS, an Infant Under the Age of Eighteen Years, sustained, *inter alia*, bodily injuries, mental trauma, anguish, shock, fright, apprehension, as well as severe emotional distress, shame, humiliation, indignity, and loss of liberty.

## THIRD CLAIM FOR RELIEF
## UNDER NEW YORK STATE LAW: FALSE ARREST

130.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as fully set forth herein.

131.   As a result of the aforesaid conduct by defendant police officers, plaintiffs SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD LEWIS, and DANYELL MYERS as Mother and Natural Guardian of IZAHNAE MYERS, an Infant Under the Age of Eighteen Years, were subjected to an illegal, improper and false arrest by the defendant police officers and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendant police officers in criminal proceedings.

132.   The aforesaid actions by defendant police officers constituted a deprivation of the plaintiffs' rights.

## FOURTH CLAIM FOR RELIEF
## UNDER NEW YORK STATE LAW: FALSE IMPRISONMENT

133.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "132" with the same force and effect as fully set forth herein.

134.    As a result of the foregoing, plaintiffs SHAQUNA PIERRE, LEON PIERRE, JR.,

ALIA PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM

WARDRICK, RONALD LEWIS, and DANYELL MYERS as Mother and Natural Guardian of

IZAHNAE MYERS, an Infant Under the Age of Eighteen Years, were falsely imprisoned, their

liberty was restricted for an extended period of time, were put in fear for their safety, were

humiliated and subjected to handcuffing and other physical restraints.

135.    Plaintiffs SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON

PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD

LEWIS, and DANYELL MYERS as Mother and Natural Guardian of IZAHNAE MYERS, an

Infant Under the Age of Eighteen Years, were conscious of said confinement and did not consent

to same.

136.    The confinement of plaintiffs' SHAQUNA PIERRE, LEON PIERRE, JR., ALIA

PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM

WARDRICK, RONALD LEWIS, and DANYELL MYERS as Mother and Natural Guardian of

IZAHNAE MYERS, an Infant Under the Age of Eighteen Years, was without probable cause and

was not otherwise privileged.

137.    As a result of the aforesaid conduct by defendant police officers, plaintiffs

SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON PIERRE, SR., DANYELL

MYERS, GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD LEWIS, and DANYELL

MYERS as Mother and Natural Guardian of IZAHNAE MYERS, an Infant Under the Age of

Eighteen Years, were subjected to an illegal, improper and false arrest by the defendant police

officers and taken into custody and caused to be falsely imprisoned, detained, confined,

incarcerated and prosecuted by the defendant police officers in criminal proceedings.

**FIFTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

138.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "137" with the same force and effect as fully set forth herein.

139.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

140.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

141.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

142.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs  SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD LEWIS, and DANYELL MYERS as Mother and Natural Guardian of IZAHNAE MYERS, an Infant Under the Age of Eighteen Years.

143.    As a result of the defendant police officers' conduct, plaintiffs SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD LEWIS, and DANYELL MYERS as Mother and Natural Guardian of IZAHNAE MYERS, an Infant Under the Age of Eighteen Years, sustained, *inter alia*, bodily injuries, mental trauma, anguish, shock, fright, apprehension, as well as severe emotional distress, shame, humiliation, indignity, and loss of liberty.

**SIXTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW**
**NEGLIGENT HIRING/TRAINING/SUPER VISION/RETENTION**

144.    Plaintiffs repeat, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "143" with the same force and effect as if fully set forth herein.

145.   Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

146.   Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department, including the defendants individually named above.

147.   As a result of the foregoing, plaintiffs plaintiffs SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD LEWIS, and DANYELL MYERS as Mother and Natural Guardian of IZAHNAE MYERS, an Infant Under the Age of Eighteen Years, sustained, *inter alia*, bodily injuries, mental trauma, anguish, shock, fright, apprehension, as well as severe emotional distress, shame, humiliation, indignity, and loss of liberty.

**WHEREFORE**, plaintiffs SHAQUNA PIERRE, LEON PIERRE, JR., ALIA PIERRE, LEON PIERRE, SR., DANYELL MYERS, GRESHWIN PIERRE, WILLIAM WARDRICK, RONALD LEWIS, and DANYELL MYERS as Mother and Natural Guardian of IZAHNAE MYERS, an Infant Under the Age of Eighteen Years demand judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages each, five million dollars ($5,000,000.00) in punitive damages each, plus attorney's fees, costs, and disbursements of this action.

DATED:       August 27, 2012
             New York, New York

JON L. NORINSBERG (norinsberg@aol.com)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

P.O. FADY AZMY, Shield No.1308
77TH PRECINCT
127 Utica Avenue
Brooklyn, New York 11213

SGT. GEORGINA GONZALEZ, Shield No. 5276
Patrol Bureau Brooklyn North
179 Wilson Avenue
Brooklyn, New York 11237

P.O. KEVIN ARGO, Shield No. 8054
77TH PRECINCT
127 Utica Avenue
Brooklyn, New York 11213

P.O. QASSIM AHMED, Shield No. 7194,
60th Precinct
2951 West 8th Street
Brooklyn, NY 11224

P.O. BARRINGTON CLEMMINGS, Shield No. 22501,
77TH PRECINCT
127 Utica Avenue
Brooklyn, New York 11213

P.O. JESSE COLON, Shield No. 5088,
122 PRECINCT
2320 Hylan Boulevard
Staten Island, NY 10306

P.O. VICTOR CUEVAS, Shield No. 6288
84TH
301 Gold Street
Brooklyn, New York 11201

P.O. MIKE LOPORTO, Shield No. 2104
84TH
301 Gold Street
Brooklyn, New York 11201

P.O. JASON MARSMAN, Shield No. 17882
77TH PRECINCT
127 Utica Avenue
Brooklyn, New York 11213

P.O. CHRISTOPHER SANCHEZ, Shield No. 23298
110 PRECINCT
9441 43rd Avenue Elmhurst, NY 11373

P.O. MICHAEL STUMBO, Shield No. 16917
Harbor Unit Pier 1, Brooklyn Army Terminal
140 58th Street
Brooklyn, New York 11220


P.O. DAT TANG, Shield No. 7980
77TH PRECINCT
127 Utica Avenue
Brooklyn, New York 11213

P.O. RI YU, Shield No. 7379
18th Precinct
306 West 54th Street
New York, New York 10019